UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jasen Riley Adams,   #13995021, | ) C/A No. 3:11-524-CMC-JRM |
| Petitioner, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) |
| Acting Warden Owens; Associate Warden Acosta, | ) |
| | ) |
| Respondents. | ) |
| ————————————————————— | ) |

Petitioner is a federal prisoner, incarcerated in FCI Edgefield in Edgefield, South Carolina,

proceeding *pro se*, seeking habeas corpus relief pursuant to 28 U.S.C. § 2241.  Pursuant to the

provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) (DSC), this matter is before

the assigned United States Magistrate Judge for initial screening.  Having reviewed the Petition and

applicable law, the undersigned recommends that the Petition be summarily dismissed.

### *Pro Se* Habeas Review

Under established local procedure in this judicial district, a careful review has been made

of the *pro se* petition filed in the above-captioned case.  The review was conducted pursuant to the

procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-

132, 110 Stat. 1214, and in light of the following precedents: Denton *v. Hernandez*, 504 U.S. 25

(1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972);

*Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d

70 (4th Cir. 1983).  This Court is required to construe *pro se* petitions liberally.  *Erickson v. Pardus*,

551 U.S. 89, 94 (2007)(quoting *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)).  Such *pro se*

petitions are held to a less stringent standard than those drafted by attorneys, and a federal district

1

court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980)(quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978)(citing *Rice v. Olson*, 324 U.S. 786, 791–92 (1945); *Holiday v. Johnston*, 313 U.S. 342, 350 (1941)).

When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 10 (citing *Cruz v. Beto*, 405 U.S. 319, 322 (1972)). However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Furthermore, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Even under this less stringent standard, it plainly appears from the instant Petition that this Court

2

lacks jurisdiction to hear the Petition. Accordingly, the Petition submitted in this case should be summarily dismissed.

### Background

On August 27, 2009, in the United States District Court for the Southern District of Georgia, Petitioner pled guilty to violation of 18 U.S.C. § 922(g)(1) "felon in possession of firearms and ammunition" and 21 U.S.C. § 841(a)(1) "possession with intent to distribute marijuana." Petitioner was sentenced, on January 22, 2010, by the Honorable J. Randall Hall, United States District Judge, to fifty (50) months imprisonment on each charge, to be served concurrently, followed by three (3) years of supervised release, payment of a $2,000.00 fine, and performance of one hundred fifty (150) hours of community service within eighteen (18) months of release. *See* Judgment, *United States v. Adams*, C/A No. 1:09-10-JRH-WLB-1 (S.D.Ga. Jan. 28, 2010), ECF No. 23.[1]

Petitioner did not file a direct appeal of his convictions and sentences. Petitioner has not previously filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, or a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner now brings the instant § 2241 Petition alleging that his claim pertains to "Criminal History Guidelines: The Amendment in the Sentencing Guidelines (Amendment 742) and how the elimination of the 'recency' points effects the re-calculation of my criminal history score and thus effecting my remaining term of imprisonment." ECF No. 1, p. 1. Petitioner alleges that he did not file a motion under 28 U.S.C. § 2255 "b/c I am not challenging my sentence, I'm charging that my guidelines be

---

[1] This court takes judicial notice of Petitioner's prior district court proceedings. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989)("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

3

re-calculated and applied according to Amendment 742 in the Sentencing Guidelines that was effective as of November the 1st, 2010." ECF No. 1, p. 2.

Petitioner alleges:

I received "recency" points in the calculation of my criminal history for not being out of prison a whole year and for being on parole at the time, both circumstances of my case have been eliminated to calculate the criminal history score according to Amendment 742 in the sentencing guidelines.

ECF No. 1, p. 5. Petitioner further alleges:

When I was sentenced on 1/22/2010, the guidelines I was sentenced under incorporated the recency points for not being out of prison for a certain length of time, the use of these points enhanced my criminal history score, thus effecting my sentence. The use of these "recency" points have been eliminated in the Guidelines in Amendment 742, effective November 1, 2010.

ECF No. 1, p. 8. As to the relief he seeks, Petitioner alleges "I am asking that relief be granted only to the extent of recalculating and adjusting my sentence without the points I received for "recency" which "Amendment 742" ensures, effective as of November 1st 2010." ECF No. 1, p. 9.

### Discussion

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010). Further, a § 2255 motion must be brought in the sentencing court. *See* § 2255(a).

A § 2255 motion "'attacks the legality of detention'"; in contrast, a petition for a writ of habeas corpus under § 2241 "'attacks the execution of a sentence rather than its validity,'" *Brown v. Rivera*, No. 9:08-CV-3177-PMD-BM, 2009 WL 960212, at *2 (D.S.C. Apr. 7, 2009)(quoting *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996)), and must be brought against the warden of the facility where the prisoner is being held. 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 434–35 (2004). Examples of when § 2241 has been resorted to are: challenges to the administration

4

of parole, *Doganiere v. United States*, 914 F.2d 165, 169–70 (9th Cir. 1990), *cert. denied*, 499 U.S. 940 (1991); computation of good time or jail time credits, *McClain v. United States Bureau of Prisons*, 9 F.3d 503, 504–05 (6th Cir. 1993); prison disciplinary actions, *United States v. Harris*, 12 F.3d 735, 736 (7th Cir. 1994); and imprisonment allegedly beyond the expiration of a sentence, *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991). Thus, a threshold question in this case is whether Petitioner's claims are cognizable under § 2241.

Although § 2255 expressly prohibits a prisoner from using § 2241 to challenge a conviction and sentence, § 2255 does contain a "savings clause." The "savings clause" states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). In other words, as applied here, Petitioner's § 2241 action is barred unless he can demonstrate that the relief available to him under § 2255 is inadequate or ineffective. *See Swain v. Pressley*, 430 U.S. 372, 381 (1977). The Fourth Circuit Court of Appeals, in *In re Jones*, 226 F.3d 328 (4th Cir.2000), set forth the test to determine whether a §2255 motion should be considered inadequate or ineffective. In order to invoke the "savings clause," a petitioner must demonstrate that: "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." *Id.*

Petitioner has failed to make such a showing.  The fact that Petitioner did not avail himself of the opportunity to file a motion for relief under § 2255 within the one-year period of limitation established by § 2255(f) and may now be time-barred from doing so does not mean that the potential relief of § 2255 is inadequate or ineffective; it simply means that Petitioner is not entitled to it.  *See In re Jones*, 226 F.3d at 333 ("It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision.").

To trigger the savings clause of § 2255(e) and proceed under § 2241, Petitioner would have to show that something more should be considered by this Court than that authorized by § 2255, such as a retroactive change in the law as contemplated in *In re Jones*.  In the instant Petition, Petitioner provides no factual information to demonstrate that the conduct for which he was convicted has been deemed non-criminal such that he is "actually innocent."  Petitioner simply alleges that he should be granted relief "to the extent of recalculating and adjusting my sentence without the points I received for 'recency.'" Despite Petitioner's assertion that he is "not challenging [his] sentence," (ECF No. 1, p. 2), he is challenging his sentence on grounds that should be asserted in a § 2255 motion.  To bring a § 2241 petition Petitioner must satisfy the second element of the *In re Jones* test, which requires that "substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal."  However, this statement has not been extended to include sentencing calculations made pursuant to the Sentencing Guidelines, even as to the Armed Career Criminal Act.  *See United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008)("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence.")(citing *In re Jones*, 226 F.3d at 333–34).  *See also United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010)(holding that "actual innocence applies

6

in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes."). Consequently, the instant § 2241 Petition fails to satisfy the requirements of the "savings clause" of § 2255(e) so as to provide this Court with jurisdiction to hear it, and it must be summarily dismissed.

Moreover, Petitioner cannot show that he is entitled to a sentencing recalculation under Amendment 742. Amendment 742 to the Sentencing Guidelines, which eliminated recency points under U.S.S.G. § 4A1.1(e), took effect on November 1, 2010. However, Petitioner was sentenced on January 22, 2010, and the Sentencing Commission did not make the amendment retroactive. *See* U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(c)(2010). Pursuant to both § 3553(a)(4) and the Guidelines, district courts must use the guidelines in effect on the date of sentencing. 18 U.S.C. § 3553(a)(4); U.S.S.G. § 1B1.11. Defendants who have already been sentenced are not entitled to relief under a new guideline amendment unless the Sentencing Commission expressly lists the new amendment in U.S.S.G. § 1B1.10(c). As the Fourth Circuit has explained, "A guideline amendment may be applied retroactively only when expressly listed in U.S.S.G. § 1B1.10(c)." *United States v. Dunphy*, 551 F.3d 247, 249 n.2 (4th Cir.), *cert. denied*, 129 S. Ct. 2401 (2009). *See also United States v. Goodwyn*, 596 F.3d 233 (4th Cir.)(explaining limits on altering final sentences), *cert. denied*, 130 S. Ct. 3530 (2010). The United States Supreme Court recently agreed. "No one disputes that the Commission's retroactivity determinations . . . are binding." *Dillon v. United States*, 130 S. Ct. 2683, 2693 (2010).

Thus, the United States District Court for the Southern District of Georgia was required to apply the version of the Guidelines that was in effect on the date Petitioner was sentenced. The

7

sentencing court did not err by including recency points in Petitioner's criminal-history score. Thus, Petitioner's reliance on Amendment 742 as a basis for his re-sentencing request is misplaced. *See United States v. Caro-Alarcon*, No. 10-50633, 2011 WL 1207670, *1 (5th Cir. Mar. 31, 2011); *United States v. Boone*, C/A No. 3:08CR026, 2010 WL 4853289, at *1-2 (E.D.Va. Nov. 23, 2010).

### Recommendation

Accordingly, it is recommended that the instant Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, be dismissed without prejudice and without issuance and service of process upon Respondent. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006)(district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent). **Petitioner's attention is directed to the important notice on the next page.**

Joseph R. McCrorey
United States Magistrate Judge

May 27, 2011
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).